UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

EAGLE SUPPLY AND
MANUFACTURING, L.P.

            Plaintiff,

v.

BECHTEL JACOBS COMPANY, LLC,

            Defendant.

Civil Action No.
3:10-cv-407

## ANSWER TO THE COMPLAINT AND JURY DEMAND

The defendant, Bechtel Jacobs Company, LLC ("BJC"), by its attorneys, Nixon Peabody LLP and Frantz, McConnell & Seymour, LLP, hereby responds to the allegations of the Complaint as follows:

### Jurisdiction

1. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. The defendant admits the allegations contained in paragraph 2 of the Complaint.

3. The defendant admits the allegations contained in paragraph 3 of the Complaint.

4. The defendant admits the allegations contained in paragraph 4 of the Complaint.

5. The defendant admits the allegations contained in paragraph 5 of the Complaint.

6. The defendant admits the allegations contained in paragraph 6 of the Complaint.

### Background

7. The defendant admits the allegations contained in paragraph 7 of the Complaint.

8. The defendant admits the allegations contained in paragraph 8 of the Complaint.

9. The defendant denies the allegations contained in paragraph 9 of the Complaint and demands strict proof thereof.

10. The defendant states that the Limited Characterization Report referenced in paragraph 10 of the Complaint speaks for itself, but denies any allegations, characterizations or implications contained in paragraph 10 to the extent they are inconsistent with the language of such document.

11. The defendant denies the allegations contained in paragraph 11 of the Complaint and demands strict proof thereof.

12. The defendant states only that Waste Generation Forecasts were used by offerors to prepare bid packages in response to the RFP, but denies the remaining allegations, characterizations and implications contained in paragraph 12 and expressly denies that the waste removal portions of a bid would have been based solely on the Waste Generation Forecasts.

13. The defendant admits the allegations contained in paragraph 13 of the Complaint.

14. The defendant states that the Subcontract document speaks for itself, but denies any allegations, characterizations or implications contained in paragraph 14 to the extent they are inconsistent with the language of such document.

15. The defendant denies the allegations contained in paragraph 15 of the Complaint and demands strict proof thereof.

16. The defendant admits that Eagle has submitted Requests for Equitable Adjustments and that Bechtel requested that Eagle further substantiate its REAs, but otherwise denies the remaining allegations contained in paragraph 16 of the Complaint.

### The Combined Changes REA

17.     The defendant states only that any addendum to the Limited Characterization Report referenced in paragraph 17 of the Complaint speaks for itself, but denies any allegations, characterizations or implications contained in paragraph 17 to the extent they are inconsistent with the language of such document. The defendant denies the allegations that post-Subcontract changes to the scope or work or the discovery of material differing site conditions resulted in the damages alleged in the Complaint.

18.     The defendant states only that Change Order No. 2 referenced in paragraph 18 of the Complaint speaks for itself, but denies any allegations, characterizations or implications contained in paragraph 18 to the extent they are inconsistent with the language of such document. The defendant denies the allegations that Change Order No. 2 resulted in the damages alleged in the Complaint; denies that Change Order No. 2 made it unable for Eagle to use its existing, budgeted workforce; and denies that Change Order No. 2 materially delayed the start of the work at K-1004-L.

19.     The defendant denies the allegations contained in paragraph 19 of the Complaint and demands strict proof thereof.

20.     The defendant denies the allegations contained in paragraph 20 of the Complaint and demands strict proof thereof.

21.     The defendant denies the allegations contained in paragraph 21 of the Complaint and demands strict proof thereof.

22.     The defendant denies the allegations contained in paragraph 22 of the Complaint and demands strict proof thereof.

23. The defendant denies the allegations contained in paragraph 23 of the Complaint and demands strict proof thereof.

24. The defendant admits the allegations contained in paragraph 24 of the Complaint.

25. The defendant admits that Eagle and Bechtel engaged in mediation and that, thereafter, Eagle submitted a March 14, 2008 letter seeking $4,835,642.62 in additional compensation but denies the remaining allegations contained in paragraph 25 of the Complaint.

26. The defendant denies the allegations, characterization and implications contained in paragraph 26 of the Complaint and demands strict proof thereof on the basis that the plaintiff's Combined Changes REA and request for extension of time are the subject of a legitimate dispute and are unsupported.

## The Waste Generation REA

27. The defendant denies the allegation contained in paragraph 27 of the Complaint that the plaintiff was required to base the waste removal portion of its bid on the WGFs developed for the Facilities and included in the RFP bid package.

28. The defendant denies the allegations contained in paragraph 28 of the Complaint and demands strict proof thereof.

29. The defendant denies the allegations contained in paragraph 29 of the Complaint and demands strict proof thereof.

30. The defendant denies the allegations contained in paragraph 30 of the Complaint and demands strict proof thereof.

31. The defendant denies the allegations contained in paragraph 31 of the Complaint and demands strict proof thereof.

32. The defendant denies the allegations contained in paragraph 32 of the Complaint and demands strict proof thereof.

33. The defendant admits the allegations contained in paragraph 33 of the Complaint.

34. The defendant admits that Eagle submitted a March 17, 2008 adjusted Waste Generation REA which resulted in a downward adjustment in the total Waste Generation REA to $1,814,595.31, but denies knowledge or information as to the remaining allegations contained in paragraph 34 of the Complaint.

35. The defendant denies the allegations, characterization and implications contained in paragraph 35 of the Complaint and demands strict proof thereof on the basis that the plaintiff's Waste Removal REA and request for extension of time are the subject of a legitimate dispute and are unsupported.

### Additional Unpaid Compensation and Withheld Retainage

36. The defendant denies the allegations contained in paragraph 36 of the Complaint and demands strict proof thereof.

37. The defendant denies the allegations, characterization and implications contained in paragraph 37 of the Complaint and demands strict proof thereof on the basis that the plaintiff's claim for Additional Unpaid Compensation and request for extension of time are the subject of a legitimate dispute and are unsupported.

38. The defendant states that it withheld a retainage balance but disputes the amount of the retainage as alleged in paragraph 38 of the Complaint.

39. The defendant denies the allegations contained in paragraph 39 of the Complaint and demands strict proof thereof.

40. The defendant denies the allegations contained in paragraph 40 of the Complaint and demands strict proof thereof.

## Count One
## (Breach of Contract: Combined Changes REA)

41. The defendant repeats, realleges and incorporates herein by reference paragraphs 1 through 40 of this Answer.

42. The defendant admits the allegations contained in paragraph 42 of the Complaint.

43. The defendant denies the allegations contained in paragraph 43 of the Complaint and demands strict proof thereof.

44. The defendant denies the allegations contained in paragraph 44 of the Complaint and demands strict proof thereof.

45. The defendant denies the allegations contained in paragraph 45 of the Complaint and demands strict proof thereof.

46. The defendant denies the allegations contained in paragraph 46 of the Complaint and demands strict proof thereof.

## Count Two
## (Breach of Contract: Waste Generation REA)

47. The defendant repeats, realleges and incorporates herein by reference paragraphs 1 through 46 of this Answer.

48. The defendant admits the allegations contained in paragraph 48 of the Complaint.

49. The defendant denies the allegations contained in paragraph 49 of the Complaint and demands strict proof thereof.

50. The defendant denies the allegations contained in paragraph 50 of the Complaint and demands strict proof thereof.

51. The defendant denies the allegations contained in paragraph 51 of the Complaint and demands strict proof thereof.

52. The defendant denies the allegations contained in paragraph 52 of the Complaint and demands strict proof thereof.

## Count Three
### (Breach of Contract: Additional Unpaid Compensation and Withheld Retainage)

53. The defendant repeats, realleges and incorporates herein by reference paragraphs 1 through 52 of this Answer.

54. The defendant admits the allegations contained in paragraph 54 of the Complaint.

55. The defendant denies the allegations contained in paragraph 55 of the Complaint and demands strict proof thereof.

56. The defendant denies the allegations contained in paragraph 56 of the Complaint and demands strict proof thereof.

57. The defendant denies the allegations contained in paragraph 57 of the Complaint and demands strict proof thereof.

58. The defendant denies the allegations contained in paragraph 58 of the Complaint and demands strict proof thereof.

## Count Four
### (Quantum Meruit)

59. The defendant repeats, realleges and incorporates herein by reference paragraphs 1 through 58 of this Answer.

60. The defendant denies the allegations contained in paragraph 60 of the Complaint and demands strict proof thereof.

61. The defendant denies the allegations contained in paragraph 61 of the Complaint and demands strict proof thereof.

62. The defendant denies the allegations contained in paragraph 62 of the Complaint and demands strict proof thereof.

63. The defendant denies the allegations contained in paragraph 63 of the Complaint and demands strict proof thereof.

64. The defendant denies the allegations contained in paragraph 64 of the Complaint and demands strict proof thereof.

**Count Five**
**(Unjust Enrichment)**

65. The defendant repeats, realleges and incorporates herein by reference paragraphs 1 through 64 of this Answer.

66. The defendant denies the allegations contained in paragraph 66 of the Complaint and demands strict proof thereof.

67. The defendant denies the allegations contained in paragraph 67 of the Complaint and demands strict proof thereof.

68. The defendant denies the allegations contained in paragraph 68 of the Complaint and demands strict proof thereof.

**Count Six**
**(Violations of Tennessee Prompt Pay Act)**

69. The defendant repeats, realleges and incorporates herein by reference paragraphs 1 through 68 of this Answer.

70. The defendant denies the allegations contained in paragraph 70 of the Complaint and demands strict proof thereof.

71. The defendant denies the allegations contained in paragraph 71 of the Complaint and demands strict proof thereof.

72. The defendant denies the allegations contained in paragraph 72 of the Complaint and demands strict proof thereof.

73. The defendant admits only that the Eagle submitted requests for payment, but denies the allegations, characterization and implications contained in paragraph 73 of the Complaint and demands strict proof thereof on the basis that the plaintiff's requests for payment are the subject of a legitimate dispute and are unsupported.

74. The defendant denies that the plaintiff has satisfied the conditions necessary to state a valid claim under the Prompt Pay Act.

75. The defendant denies the allegations contained in paragraph 75 of the Complaint and demands strict proof thereof.

76. The defendant denies the allegations contained in all WHEREFORE clauses of the Complaint, and denies any other allegations not expressly addressed in this Answer.

77. The defendant demands a trial by jury of all issues herein.

## **AFFIRMATIVE DEFENSES**

78. The Complaint fails to state a cause of action upon which relief can be granted.

79. Eagle has failed to mitigate its alleged damages.

80. Eagle's claims are barred by the common law doctrine of unclean hands and by Tennessee statutory law (Tenn. Code. Ann. §§ 16-1-201 *et seq.*).

81. Eagle's claims are barred by the doctrine of unconscionability.

82. Eagle's claims are barred by the doctrines of waiver and/or estoppel.

83. Eagle's claims are barred by the doctrine of laches.

84. Eagle's claims are barred because of fraud and/or illegality on the part of Eagle.

85. Eagle's damages, if any, were directly and proximately caused or contributed to by Eagle's own conduct.

86. Eagle's damages, if any, were directly and proximately caused by the actions of third parties over whom BJC had no control.

87. Eagle's claims are barred because Eagle assumed the risk of any damage alleged in the Complaint.

88. Eagle's claims are barred to the extent that Eagle breached the terms and provisions of the Subcontract.

89. Eagle's claims for recovery are barred to the extent that they would result in unjust enrichment to Eagle.

90. At all relevant times, BJC acted reasonably and in good faith.


**WHEREFORE**, defendant Bechtel Jacobs Company, LLC respectfully demands judgment as follows:

A) Dismissing the Complaint and all claims asserted therein with prejudice;

B) Reducing recoverable damages, if any, as required by law;

C) Awarding costs, disbursements and attorney's fees incurred in this action; and

D) For such other, further and different relief as the Court deems just and proper.

Dated: January 18, 2011

Respectfully submitted,

**BECHTEL JACOBS COMPANY, LLC**

By its attorneys,

*/s/ Michael W. Ewell*
Michael W. Ewell (BPR No: 013232)
FRANTZ, MCCONNELL & SEYMOUR, LLP
P.O. Box 39
Knoxville, TN 37901
865-546-9321
Attorneys for Defendant


OF COUNSEL
*/s/ Mark A. Molloy*
Mark A. Molloy, Esq.
D. Grayson Yeargin, Esq.
Emily C. Harlan, Esq.
NIXON PEABODY, LLP
Key Towers at Fountain Plaza
40 Fountain Plaza, Suite 500
Buffalo, New York 14202
Phone: (716) 853-8100
Fax: (716) 853-8109

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2011, a copy of the foregoing Answer to the Complaint and Jury Demand was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ *Michael W. Ewell*
Michael W. Ewell (BPR No: 013232)
FRANTZ, MCCONNELL & SEYMOUR, LLP
P.O. Box 39
Knoxville, TN 37901
865-546-9321
Attorneys for Defendant