UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| EAGLE SUPPLY AND<br>MANUFACTURING, L.P.<br><br>          Plaintiff,<br><br>v.<br><br>BECHTEL JACOBS COMPANY, LLC,<br><br>          Defendant. | Civil Action No.<br>3:10-cv-407 |

### EAGLE SUPPLY AND MANUFACTURING, L.P.'S OPPOSITION TO BECHTEL JACOBS COMPANY'S MOTION TO DISMISS PLAINTIFF'S COUNT VI

Plaintiff Eagle Supply and Manufacturing, L.P. ("Eagle") files this opposition to Defendant Bechtel Jacobs Company, LLC's ("BJC") Motion to Dismiss Plaintiff's Count VI, Eagle's claim under the Tennessee Prompt Payment Act ("Tenn. PPA"). Both of the principal bases for dismissal urged by BJC are wholly without merit. The Tenn. PPA specifically applies to Eagle's subcontract with BJC (the "Subcontract") because the Subcontract is unquestionably a "private contract" between two private parties; by no stretch of the imagination is Eagle's Subcontract a federal contract. Likewise, Eagle did not waive its Tenn. PPA rights under the terms of the Subcontract because such a waiver is expressly barred by the statute. Not only does the plain wording of the Tenn. PPA defeat BJC's Motion, BJC has to be well aware of the application of the Tenn. PPA to its subcontracts, including Eagle's Subcontract, by virtue of the judgment for interest and attorney's fees under the Tenn. PPA entered by this Court against BJC, and affirmed by the Sixth Circuit Court of Appeals, in *Mactec, Inc. v. Bechtel Jacobs Company, LLC*, 346 Fed. App'x. 59, 66 (6th Cir. 2009).

I.   **STANDARD OF REVIEW.**

BJC's motion is untimely.  Rule 12(b)(6) required BJC to file its motion before serving its answer, which it filed on January 18, 2011, more than two years ago (Dkt. No. 11).  *See Paul v. McGhee,* 577 F. Supp. 460, 462 (E.D. Tenn. 1983).  Despite BJC's unreasonable delay, if the Court chooses, it may consider BJC's motion as a motion for judgment on the pleadings.  *Id.*

A motion for judgment on the pleadings is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6).  *Ladd Lading, LLC v. Tennessee Valley Authority*, 874 F. Supp. 2d 727, 728 (E.D. Tenn. 2012).  In deciding BJC's motion, this Court must construe the Complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and determine whether Eagle undoubtedly can prove no set of facts in support of those allegations that would entitle it to relief.  *Ladd Lading,* 74 F. Supp. at 728; *Meador v. Cabinet for Human Resources*, 902 F. 2d 474, 475 (6th Cir. 1990).  The Court may not grant a motion to dismiss based on a disbelief of the Complaint's factual allegations.  *Meador*, 902 F. 2d at 475.  The issue is not whether Eagle will prevail, but whether Eagle is entitled to offer evidence to support its claim.  *E.E.O.C. v. FPM Group, Ltd.*, 657 F.Supp.2d 957, 964 (E.D. Tenn. 2009).  Consequently, a Complaint will not be dismissed pursuant to Rule 12(b)(6) or Rule 12(c) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the Complaint.*Id.*

II.   **THE TERMS OF THE TENNESSEE PROMPT PAYMENT ACT**

BJC cannot meet its burden on this motion because the Tenn. PPA is crystal clear about the scope of its application and the bar against contracting parties limiting the scope of application.  The Tenn. PPA applies to all private contracts performed in the state of Tennessee as well as all contracts with the state of Tennessee:  "[T]hese sections are <u>applicable to all private contracts and all construction contracts with this state</u>, any department, board or agency thereof,

2

815868.1
Case 3:10-cv-00407-TAV-CCS   Document 92   Filed 01/30/14   Page 2 of 7   PageID #: 598

including the University of Tennessee. . . ." T.C.A. § 66-34-701 (emphasis added). The prohibition against contracting away rights under the Tenn PPA is likewise clear: "Except as specifically noted, compliance with [the Tenn. PPA] <u>may not be waived by contract and these sections are applicable to all private contracts</u> . . . ." *Id*. None of those exceptions apply to Eagle's Subcontract; private subcontracts with contractors that are in privity with a federal agency is not one of the statutory exceptions.

### III. <u>EAGLE'S SUBCONTRACT IS A PRIVATE CONTRACT AND THE TENN. PPA APPLIES.</u>

BJC must concede that the Tenn. PPA applies to all private contracts, but nonetheless attempts to dodge its application with the specious argument that Eagle's Subcontract is a federal contract, and not a private contract. (BJC Motion to Dismiss p. 3.) BJC could not be more wrong. This Subcontract is a private agreement between private entities confirmed by the language of the agreement. Specifically, the Subcontract provides that "[t]his Subcontract embodies the entire agreement <u>between CONTRACTOR and SUBCONTRACTOR</u>" and defines Contractor and Subcontractor as BJC and Eagle. (Subcontract GC-1, GC-2 (emphasis added).) Eagle is not a federal entity; Eagle is a Texas limited partnership. (Dkt No. 1, Compl. ¶ 1.) Likewise, BJC is not a federal entity; BJC is Delaware corporation. (Dkt No. 1, Compl. ¶ 2; Dkt. No. 11, Answer ¶ 2.) Thus, the Subcontract is not a federal contract because, among other things, no federal entity is party to it.

While it is true, as BJC notes, that the U.S. Department of Energy ("DOE") is the owner of the site where the Subcontract was performed, that does not *ipso facto* convert the Subcontract into a federal contract. On the contrary, there is no contract or privity between the DOE and Eagle, and the DOE is not party to Eagle's claim or this litigation. <u>BJC</u> may have entered into a federal contract with the DOE, but that does not render the separate and private Subcontract

3

between Eagle and BJC, or any other subcontract entered into by BJC, a federal contract. Additionally, the possibility that the "administration of this Subcontract <u>may</u> be transferred" to DOE (in some undefined manner) does not alter the private character of Eagle's Subcontract. Indeed, no such transfer of even the administration of the Subcontract has been made or attempted.

BJC is, or should be, well aware that the Tenn. PPA applies to subcontracts BJC enters into as part of its work for the DOE from BJC's experience with, and the result in, *Mactec, Inc. v. Bechtel Jacobs Company, LLC*, 346 Fed. App'x. 59, 66 (6th Cir. 2009). In *Mactec,* BJC was awarded a contract by the DOE and BJC subsequently entered into a subcontract with Mactec for the design and construction of a remediation system for the DOE project. A dispute arose between BJC and Mactec and this Court ultimately entered judgment against BJC for, among other things, interest and attorney's fees for BJC's violation of the Tenn. PPA. *Mactec*, 346 Fed. App'x. at 66. Just as Mactec's private subcontract with BJC was subject to the Tenn. PPA, so now Eagle has stated a claim under Tenn. PPA for BJC's violations of that same statute arising out of its failure to make timely payments under the Subcontract.

## IV. THE TERMS OF THE SUBCONTRACT CANNOT BAR TENN. PPA CLAIMS.

By its express terms, the Tenn. PPA "may not be waived by contract and [is] . . . applicable to all private contracts." T.C.A. § 66-34-701. BJC disregards the express language of the statute by arguing just the opposite, contending that because the Subcontract acknowledges the use of federal law and precedents to interpret disputes thereunder, Eagle waived its Tenn. PPA rights. (BJC Motion to Dismiss p. 5.) BJC's position must be rejected as a matter of law because the protections of the Tenn. PPA cannot be waived by contract.

As a fallback, BJC asserts a purely factual defense, arguing that BJC has not received payment from DOE and that Eagle was required to affirmatively allege such payment to state a

4

815868.1

claim under the Tenn. PPA. The argument fails for two reasons. First, there is no language in the statute, nor any cases cited by BJC, that impose such a pleading requirement as a condition precedent to stating a claim under the Tenn. PPA. Second, the factual issue of whether DOE has paid BJC and, if not, why not, is subject to discovery and proof at trial; it is not grounds for a motion to dismiss for failure to state a claim. Assuming BJC has not been paid for Eagle's work, it is Eagle's understanding that BJC blocked payment by making false allegations of fraud against Eagle—precisely the same tactics this Court found BJC employed against another of its subcontractors in the *Mactec* case. Eagle is certainly entitled to discover these facts and prove them at trial. Accepting Eagle's allegations as true, there can be no doubt that Eagle complied with its all the requirements for asserting a claim under the Tenn. PPA. (*See* Compl. ¶ 72-75; T.C.A. § 66-34-602.)

## V. CONCLUSION

For the foregoing reasons, Eagle respectfully requests that BJC's motion be denied in its entirety and with prejudice.

Respectfully submitted this 30th day of January 2014.

                                WOOLF, McCLANE, BRIGHT
                                ALLEN & CARPENTER, PLLC

                                *s/ J. Keith Coates, Jr.*
                                J. Ford Little, BPR No. 013870
                                J. Keith Coates, BPR No. 025839
                                P.O. Box 900
                                Knoxville, Tennessee 37901-0900
                                Tel: (865) 215-1000
                                flittle@wmbac.com
                                kcoates@wmbac.com

                                -and-

                                KILPATRICK TOWNSEND &
                                STOCKTON LLP

                                Neal J. Sweeney (admitted *pro hac vice*)
                                Ian M. Goldrich (admitted *pro hac vice*)
                                1100 Peachtree Street
                                Suite 2800
                                Atlanta, Georgia 30309-4530
                                Tel: (404) 815-6500
                                nsweeney@kilpatricktownsend.com
                                igoldrich@kilpatricktownsend.com

                                *Attorneys for Plaintiff*

6

# CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2014, a copy of the foregoing **EAGLE SUPPLY AND MANUFACTURING, L.P.'S OPPOSITION TO BECHTEL JACOBS COMPANY'S MOTION TO DISMISS PLAINTIFF'S COUNT VI** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

*s/ J. Keith Coates, Jr.*
J. Keith Coates, BPR No. 025839

WOOLF, McCLANE, BRIGHT,
  ALLEN & CARPENTER, PLLC
Post Office Box 900
Knoxville, Tennessee 37901-0900
(865) 215-1000