# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

EAGLE SUPPLY AND MANUFACTORING )

COMPANY, )

Plaintiff )

                    )     No. 3:10-CV-407

v. )

                    )

BECHTEL JACOBS COMPANY, LLC., )

Defendant )

## MEMORANDUM AND ORDER

      This is a breach of contract action arising out of a subcontract between the Plaintiff, Eagle Supply and Manufacturing Company (hereinafter "Eagle") and Defendant, Bechtel Jacobs Company, LLC. (hereinafter "Bechtel") for certain decontamination and demolition services related to the closure of the East Tennessee Technology Park (hereinafter "ETTP"). Among other claims, Eagle has asserted that Bechtel violated the Tennessee Prompt Pay Act, T.C.A. § 66-34-101, by failing to pay Eagle withheld retainage after services were performed and completed by Eagle.

      Bechtel has moved to dismiss Eagle's claim by asserting that Eagle has failed to state a claim upon which relief can be granted. Particularly, Bechtel asserts that (1) the Tennessee Prompt Pay Act does not apply to federal contracts; and (2) that the subcontract entered into by the two parties bars any potential relief that Eagle could seek under the Act.

1

Eagle has responded to Bechtel stating that it has fulfilled its burden to state a claim upon which relief can be granted because (1) the subcontract entered into by both parties is not exempt from the Tennessee Prompt Pay Act, and therefore fits inside the "private contract" language of the Act; and (2) that the parties have not waived the applicability of the Tennessee Prompt Pay Act because such waiver is expressly forbidden by the Act.

## I. Factual Background

Plaintiff Eagle entered into a subcontract with Bechtel to perform decontamination and demolition work on two distinct areas of a larger project regarding the closing of the ETTP, which was being administered by the United States Department of Energy. The ETTP was a facility that had previously produced enriched uranium for, among other applications, nuclear weapons. In 2003, Bechtel issued a Request for Proposal to solicit bids for work on site. Eagle eventually won that bid and was responsible for a building known as the K-1064 Peninsula, as well as the Laboratory Area Facilities Demolition Project. However, during the bidding process, Eagle alleges that it was given insufficient time or access to analyze the scope of work required under the subcontract. Furthermore, Eagle contends that Bechtel, in response, made available various documents to Eagle regarding "location, type, and level of contamination" of project sites, as well as "Waste Generation Forecasts" for the work to be completed in order to help provide bidders estimates of the costs for that work.

Once work began on Eagle's portion of the ETTP project, Eagle alleges that it became clear that the amount of work was grossly underreported by Bechtel, causing Eagle to incur substantial increases in costs to complete the subcontract. Furthermore, changes—issued by

Bechtel—in the level of security clearance needed to work the K-1064 Peninsula increased, which Eagle alleges had both logistical, and ultimately, financial implications for it.

After work was completed by Eagle on the ETTP project, Eagle sent various invoices to Bechtel requesting compensation for the additional resources and money required to complete the work outlined in the subcontract. While some of the issues regarding payment were subsequently settled in negotiations, Eagle is still seeking a significant sum from Bechtel that it contends it is owed for the work completed. Moreover, Eagle alleges that some of the money owed to it has been held in retainage and should have been returned to it after notice was given to Bechtel. Bechtel has denied any wrongdoing, and refuses to release any retained funds.

## II. Standard of Review

Under the Federal Rules of Civil Procedure, a plaintiff's pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P 8(a)(2). In other words, "a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *In re Delorean Motor Co.*, 991 F.2d 1236, 1339-340 (6th Cir. 1993).

For a Motion to Dismiss to be granted then, a party must show that the plaintiff has "fail[ed] to state a claim upon which relief can be granted," in their pleadings. FED. R. CIV. P. 12(b)(6). A dismissal for failure to state a claim is proper if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. *Stemler v. City of Florence*, 350 F.3d 578, 590 (6th Cir. 2003). In determining whether a motion to dismiss should be granted, a district court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them. *In re Sofamor Danek*

*Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). The district court, however, need not accept legal conclusions or immaterial factual inferences. *Advocacy Org. for Patients and Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 325 (6th Cir. 1999).

Furthermore, the Supreme Court has clarified the pleading standard necessary to survive a Rule 12(b)(6) motion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), holding that a complaint's factual allegations must "raise a right to relief above the speculative level," and must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570. At the very least, dismissal under Rule 12 (b)(6) is proper where the complaint lacks an allegation regarding an element necessary to obtain relief. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

## III. Analysis

### A. Eagle's Claim under the Tennessee Prompt Payment Act is Applicable to the Subcontract.

Under the Tennessee Prompt Payment Act, all construction projects in the State of Tennessee may provide for the withholding of retainage so long as it does not exceed five percent of the contract amount. T.C.A. § 66-34-103. Furthermore, the Act applies to *all* private contracts and all construction contracts with the State of Tennessee. T.C.A. § 66-34-701 (emphasis added).

Bechtel claims that the subcontract signed by the parties does not fall under the Tennessee Prompt Payment Act because the subcontract is not a "private contract" between the parties. Instead, Bechtel contends that because the work was for the federal government that the contract was in essence, a *federal contract*. Here, the Court must disagree.

4

Looking to the statute, the plain language of the Act clearly encompasses the subcontract signed by Eagle and Bechtel. As Eagle correctly asserts in their memorandum, the federal government did not sign the subcontract. In fact, the language of the subcontract itself states that, "[t]his Subcontract embodies the entire agreement between *Contractor and Subcontractor*." Subcontract GC-1, GC-2 (emphasis added). Just because Bechtel has a contract with the Department of Energy does not mean that subsequent subcontracts entered into with third parties are somehow taken out of the private context. They are still private agreements entered into by private parties. Here, there is simply no contract or privity between the federal government and Eagle.

Furthermore, it seems odd that Bechtel would not realize the applicability of the Tennessee Prompt Pay Act to the subcontracts it has entered into regarding the ETTP project. *In Matec v. Bechtel Jacobs Company, LLC*, 2008 WL 2713709, *aff'd*, 346 Fed. App'x 59, 66 (6th Cir. 2009), this Court awarded interest and attorney's fees for violation of the Tennessee Prompt Pay Act under circumstances similar to this case. In *Matec*, a dispute arose over the payment of work between a subcontractor and Bechtel. This Court awarded interest and fees to the subcontractor who was working for Bechtel on their contract with the Department of Energy. Just as Mactec's private subcontract with Bechtel was subject to the Act, so now is Eagle's Subcontract with Bechtel.

## B. Eagle Has Not Waived the Tennessee Prompt Payment Act in the Subcontract

Even if the Tennessee Prompt Pay Act is applicable in this case, Bechtel further claims that State law, and thus the Act, has been waived under the choice of law provision located in the subcontract. Again, the Court must disagree.

Under the Tennessee Prompt Pay Act, compliance with the Act "may not be waived by contract and these sections are applicable to all private contracts…." T.C.A. § 66-34-701. Thus, Bechtel's claims that the Act is waived under the subcontract are moot. Those protections under Tennessee law simply cannot be waived in such a context as presented here.

The Court further disagrees with Bechtel's claim regarding the lack of proof as to whether or not it received funds from the federal government as grounds for dismissing Eagle's claim. There is no language in the Tennessee Prompt Pay Act—or any case law presented by Bechtel—that imposes such a requirement of factual proof as a condition precedent to stating a claim under the Act. Such proof, if it exists, is to be addressed during discovery, and is not grounds for a Motion to Dismiss.

Accordingly, for all of the reasons set out above, Bechtel's Motion to Dismiss [R. 90] this claim is **DENIED**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**