UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| EAGLE SUPPLY AND MANUFACTURING, L.P., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:10-CV-00407 ) REEVES/STEGER |
| BECHTEL JACOBS COMPANY, LLC, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

On August 8, 2018, the Honorable Debra C. Poplin, United States Magistrate Judge, filed a 37-page Report and Recommendation (R&R) [R. 258], in which she recommended that Eagle's motion for attorney's fees, costs, and Prompt Pay Act interest [R. 208] be granted in part and denied in part. Judge Poplin recommended that (1) 227 hours be deducted from the original attorney fee request; (2) paralegal hourly rates be reduced to $125 per hour; and (3) other staff and litigation support rates be reduced to $75 per hour. Judge Poplin also recommended that Eagle's supplemental motion for appellate attorney's fees [R. 240] be granted, and Eagle's motion for leave to file a second supplemental motion for attorney's fees and costs [R. 253] be denied.

Eagle did not file any objections to the R&R, and enough time has passed since the filing of the R&R to treat any objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).[1]

Bechtel Jacobs Company (BJC), however, did file several objections [R. 259] to the R&R. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., the court has now undertaken a *de novo* review of those portions of the R&R to which BJC objects. For the reasons that follow, the court finds BJC's objections without merit and the objections will be overruled.

**<u>Objection No. 1</u>**

BJC argues that the Judge Poplin inconsistently applied federal and state law in recommending that Eagle be awarded attorney's fees. This objection is without merit.

Judge Poplin began her analysis by noting that Eagle was entitled to attorney's fees in this case pursuant to the Tennessee Prompt Pay Act (TPPA). Judge Poplin then addressed the factors under Tennessee Rule of Professional Conduct 1.5. Judge Poplin went through each of the factors in Rule 1.5 before finding that the balance of factors weighed in favor of allowing Eagle attorney's fees, with some specific deductions. *See* R. 258 at 11-23. Contrary to BJC's argument, the Magistrate Judge relied upon Tennessee law in determining the amount of attorney's fees. Specifically, Rule 1.5(a)(4) requires a court to consider "the amount involved and the results obtained." Judge Poplin found that

---

[1] In its response to BJC's objections, Eagle ask the court to accept the Magistrate Judge's R&R in full [R. 260].

2

Eagle recovered on all of its claims, except a claim for $13,000.  It is clear that Judge Poplin considered Tennessee law, and the objection is overruled.

**Objection No. 2**

BJC next argues that Judge Poplin gave more weight to the affidavits from Eagle while ignoring the affidavits from BJC.  Specifically, BJC objects to Judge Poplin's consideration of the affidavit of Brian Corgan.

Eagle responds that Corgan was the senior partner overseeing this litigation and the attorney who argued the Sixth Circuit Appeal.  Therefore, there is no question that Corgan is familiar with the litigation and qualified to support Eagle's fee request.  The court agrees.

Judge Poplin reviewed the audio recording of oral argument before Magistrate Judge Shirley on the earlier fee motion.  Thus, she had the benefit of oral argument along with the parties' affidavits.  Considering the R&R as a whole, the court does not find that Judge Poplin improperly weighed the competing affidavits/arguments of counsel.  The objection is overruled.

**Objections No. 3 & 4**

BJC argues the R&R allows attorney rates that are excessive and not reasonable, citing its own counsel's rates in this matter.

Eagle responds that Judge Poplin cited nine cases from Tennessee that set out examples of local rates.  *See* R. 258 at 14-22.  After doing so, Judge Poplin devoted over eight pages to analyzing the locality factor and explaining why Eagle was entitled to its requested rates.

3

In the R&R, Judge Poplin found that given counsel's professional background, years of experience, contribution to the case, and the requisite skill necessary to conduct the complex trial, post-trial motions, and appeal, Eagle's requested rates reasonably reflected the value of services provided. She noted that the case raised novel issues of construction and federal procurement law including differing site conditions, adequacy of notice, responsibility for project delays, adequacy of BJC's bid document, and the appropriate calculation of damages. The court finds no error and the objection is overruled.

**Objection No. 5**

Next, BJC nitpicks Judge Poplin's statement that this litigation raised "novel" issues of construction and federal procurement law. It is clear from Judge Poplin's thorough analysis of the issues that she was referring to the complex nature of the case. BJC hired Eagle to demolish, decontaminate, and transport debris of 40 facilities at the Department of Energy's East Tennessee Technology Park. Specifically, Judge Poplin noted (1) Eagle's success in proving its reconstructed bid estimate for K-1004-L; (2) Eagle's success in proving the Waste Remediation REA; and (3) Eagle's success in proving that BJC acted in bad faith throughout the contract. The undersigned presided over the trial of this case, and recalls the complexity of the issues regarding the REAs and finds no error in Judge Poplin's findings. BJC's argument is without merit and the objection is overruled.

**Objection No. 6**

BJC argues that Judge Poplin erred in finding the hourly rate for Ian Goldrich reasonable because she used a blended rate for Goldrich.

4

The record shows that in the seven years identified, Goldrich charged his highest rate of $415.00 per hour in only one year. In the other six years, Goldrich charged lower rates of $350.00; $361.15; $351.93 and $310.00. From 2015 through the present, Goldrich billed at only $310 per hour. Judge Poplin utilized a blended rate for Goldrich, and the court agrees that this was proper. The objection is overruled.

**Objection No. 7**

BJC argues the R&R compares the rates of John Jett and Lochlin Samples in an incorrect manner. The R&R notes that the rates charged by Jett, a 2008 graduate, were $225 an hour while those of Samples, a 2011 graduate, were $235 an hour. BJC asserts this omits the relative experience levels of counsel at the time the amounts were billed. When properly analyzed, BJC states, the comparison shows that Eagle's counsel's rates were significantly higher.

Quite frankly, this is another example of BJC's nitpicking inconsequential issues. The court finds no error in Judge Poplin's analysis of the rates charged by Eagle's counsel. Judge Poplin considered the attorneys' professional background, contribution to the case, and the requisite skill necessary to conduct this complex litigation. The objection is overruled.

**Objection No. 8**

Next, BJC argues the R&R erred in allowing fees for the False Claims Act investigation. This objection is without merit.

In the R&R, Judge Poplin found that a reduction in fees related to the False Claims investigation was not warranted. She found that the False Claims investigation was

5

inextricably linked to the underlying allegations in the litigation. Judge Poplin noted the "unwarranted investigation delayed Eagle's efforts to secure payment for extra work performed on the project." The False Claims investigation was just another example of a BJC tactic to delay paying Eagle what it was owed under the parties' contract, and thus, attorney's fees are warranted under the TPPA. The objection is overruled.

**Objection No. 9**

BJC argues Judge Poplin erred in allowing costs for administrative work by case managers and legal assistants. BJC asserts that administrative work is not recoverable.

First, BJC is confusing clerical work with administrative work. Second, the court finds this was a document intensive case that required the support of case assistants and litigation support. Judge Poplin reduced the hourly rates to $125 per hour for paralegals and to $75 per hour for case assistants and litigation support. The court finds this reasonable and the objection is overruled.

**Objection No. 10**

BJC argues the R&R made no reductions to hours worked by Eagle's counsel. Specifically, BJC states Judge Poplin erred by "not considering the inefficiencies cause by having more than a dozen attorneys and thirty individuals working on the matter."

The court recalls BJC making an "inefficiency" argument concerning Eagle's performance of its work at the Oak Ridge site. The court rejected that argument at trial and this objection fares no better. Judge Poplin reviewed not only the briefs filed by both parties, but the billing records for Eagle's counsel. Judge Poplin considered the fact that the case was not fully adjudicated until seven years after it began and involved a trial

concerning a four-year long project. BJC has not shown any "inefficiencies" in the manner in which Eagle's counsel conducted this litigation. The objection is without merit and it is overruled.

**Objection No. 11**

BJC next argues that Judge Poplin erred by not giving controlling weight to its argument that the court should apply universal reductions to Eagle's requested fees. The objection is without merit.

BJC ignores Judge Poplin's analysis that considered the length of the litigation (seven years); that the litigation involved complex issues related to nuclear waste remediation; and that Eagle was successful on all its claims with the exception of one claim for $13,000. A review of the record shows that Judge Poplin correctly determined that no universal reduction in fees was warranted. The objection is overruled.

**Objection No. 12**

BJC further argues that Judge Poplin erred by not reducing the hours and rates Eagle requests for preparing its fee application.

BJC's objection is without merit. Judge Poplin found that "while the hours spent on litigating fees seems excessive, the court observes that plaintiff's fee request has been heavily litigated." [R. 258 at 30]. Unfortunately, that has been the nature of this litigation. Every conceivable issue was heavily litigated, mostly by BJC. The undersigned recalls that BJC protracted this litigation at every possible turn, even acting in bad faith by instituting a False Claim investigation against Eagle. The court finds no error in Judge Poplin's analysis, and the objection is overruled.

7

**Objection No. 13**

Lastly, BJC objects to allowing Eagle its fees for appellate work. BJC argues that because Eagle did not state its intent to recover its fees on appeal, it waived its right to recover fees on appeal.

Eagle maintains that the court must apply the TPPA for the substantive component of the analysis and Federal Rule of Civil Procedure 54 for the procedural component of the analysis. Eagle asserts Tennessee law addressed entitlement to attorney's fees and Rule 54 addresses how to perfect the right to recover those fees. Thus, Eagle was not required to request its attorney's fees in its appellate brief. Eagle has the better argument.

Judge Poplin noted that the TPPA does not expressly award attorney's fees incurred on appeal, but provides that reasonable attorney's fees may be awarded upon a finding of "bad faith." The undersigned made such a finding of "bad faith" on the part of BJC in this case. Moreover, the court agrees with Judge Poplin's analysis and determination that the question of whether Eagle is entitled to attorney's fees under the TPPA is substantive, but when Eagle must request attorney's fees is procedural. The court finds no error and the objection is overruled.

## Conclusion

After a careful review of the record, the Court is in complete agreement with the Magistrate Judge's recommendations. Accordingly, the court **ACCEPTS IN WHOLE** the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). It is **ORDERED**, for the reasons stated in the Report and Recommendation, which the court adopts and incorporates into its ruling, that Eagle's motion for attorney's fees, costs, and

Prompt Pay Act interest [R. 208] is **GRANTED in part and DENIED in** part as follows: (1) 227 hours shall be deducted from the original attorney fee request; (2) paralegal hourly rates shall be reduced to $125 per hour; and (3) other staff and litigation support rates shall be reduced to $75 per hour.

Eagle's supplemental motion for appellate attorney's fees [R. 240] is **GRANTED.**

Eagle's motion for leave to file a second supplemental motion for attorney's fees and costs [R. 253] is **DENIED.**

Eagle is **DIRECTED** to submit a proposed judgment in accordance with Judge Poplin's recommendations within thirty (30) days.

Enter:

_/s/ Pamela L. Reeves_
**UNITED STATES DISTRICT JUDGE**